IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STEPHEN W. SEESE,<br><br>　　　　Petitioner,<br>　vs.<br><br>JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>　　　　Respondents. | Cause No. CV 22-118-M-DLC<br><br><br>ORDER |

This matter comes before the Court on a petition filed by pro se state prisoner Stephen W. Seese seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1.)

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  *Id*.  If summary dismissal is not warranted, the judge must order the respondent to file

1

an answer, motion, or other response or "to take other action the judge may order." *Id*. As explained below, Mr. Seese's petition will be denied and dismissed.

## I. Motion to Proceed in Forma Pauperis

Mr. Seese seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) Although he has not provided a copy of his inmate account statement, there is no reason to delay this matter further. The motion to proceed in forma pauperis will be granted.

## II. Background/Seese's Claims

Following a plea of guilty to Negligent Homicide in Montana's Twentieth Judicial District, Lake County, Mr. Seese received a 40-year sentence and was designated as a Persistent Felony Offender. See, (Doc. 1 at 2-3.) Mr. Seese indicates he was committed to the Montana Department of Corrections ("DOC"); however, a review of available records reveals otherwise. The Montana Correctional Offender Network indicates that Seese received a 480-month sentence to the Montana State Prison ("MSP") with none of the time suspended.[1] Additionally, a copy of the Montana Sentence Review Division's decision states Seese was sentenced "to the Montana State Prison for forty (40) years with no time

---

[1] See, https://app.mt.gov/conweb/Offender/3020705/ (accessed July 7, 2022).

suspended."[2]

Mr. Seese did not appeal his sentence and did not seek any form of postconviction relief in the state courts. (Doc. 1 at 3-4.) As mentioned above, he did seek review of his sentence with the Montana Sentence Review Division ("SRD"). On May 31, 2017, the SRD affirmed his sentence. Mr. Seese explains he did not attempt any other form of review of his conviction and sentence because his attorney promised him his sentence "would be fixed and amended" in the SRD proceedings. (Doc. 1 at 4-5.)

Mr. Seese alleges his 40-year sentence violates Montana Code Annotated § 46-18-201(A) because only the first 5-years of a DOC sentence can be an active custodial commitment.[3] (Doc. 1 at 4.) Mr. Seese next claims that he went to the SRD under advisement of counsel and with counsel's "promise" that the SRD would acknowledge the unlawful sentence and amend it to a proper sentence. *Id*. at 5.

Mr. Seese asks this Court to impose a more reasonable sentence or provide

---

[2] This Court may take judicial notice of proceedings, including orders and filings, in other federal and state courts when related to the case at hand. See, *Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011). A copy of the SRD decision will be attached to this Order.

[3] The Court presumes Seese intended to reference MCA § 46-18-201(3)(a)(iv)(A) which provides "all but the first 5 years of the commitment to the department of corrections must be suspended."

3

him with another chance at sentence review that would include the opportunity to present information that was not provided during his SRD proceedings. *Id*. at 8.

### III. Analysis

Although Mr. Seese's claims may be barred on procedural grounds, including both statute of limitations and default, it is clear he is not entitled to relief on the merits of his claims. Accordingly, it is more efficient to proceed to the merits. See, *Lambrix v. Singletary*, 520 U.S. 518, 524-25 (1997).

The federal habeas statute grants the United States District Courts jurisdiction to entertain petitions for habeas relief only from persons who are in custody in violation of the Constitution or laws or treaties of the United States. See, 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. *See Wilson v. Corcoran*, 562 U.S. 1, 5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Mr. Seese argues the sentence imposed was illegal because all but the first five years of a DOC commitment must be suspended under state law. But, as set forth above, Mr. Seese did not receive a DOC sentence; he was committed to MSP. Additionally, matters relating to state sentencing are generally not cognizable under federal habeas review. *Miller v. Vasquez,* 868 F. 2d 1116, 1118-19 (9th Cir. 1989). A mere error by a state court in the interpretation or application of its own state's sentencing laws, without more, is not a cognizable ground for relief in a

federal habeas corpus proceeding. *Hendricks v. Zenon*, 993 F. 2d 664, 674 (9th Cir. 1993). Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing law does not justify federal habeas relief." *Christian v. Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994). "A habeas petitioner must show that an alleged state sentencing error was 'so arbitrary or capricious as to constitute an independent due process' violation." *Richmond v. Lewis*, 506 U.S. 40. 50 (1992) (citation omitted).

Mr. Seese has not demonstrated that his sentence is improper under state law. But, even if he could do so, the claim still does not warrant relief. Mr. Seese's argument concerns the length and form of his sentence and does not implicate a federal constitutional right. While Mr. Seese may disagree with the length of his sentence, he has not demonstrated that the sentence itself is unlawful. In short, the claim, as pled, is not cognizable in federal habeas as Mr. Seese asserts a violation of state law.

Similarly, Mr. Seese's request that this Court intervene in his state SRD proceedings and order a new hearing be held is not a form of available relief in the instant proceedings. Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970)

("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Accordingly, it would be wholly improper for this Court to intervene in the SRD proceedings in the manner suggested by Mr. Seese.

Further, to the extent that Mr. Seese asks this Court to review the SRD's interpretation and application of state law, including the statute dealing with DOC commitments, this is neither a proper nor cognizable ground for relief in a federal habeas corpus proceeding. See e.g., *Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas); *Mendez v. Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002)("[a] state court has the last word on interpretation of state law")(citations omitted); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); *Bonin v. Calderon*, 59 F. 3d 815, 841 (9th Cir. 1995) (violation of a "state law right does not warrant habeas corpus relief"); *Lewis v. Jeffers*, 497 U.S. 764, 789 (1990) ("Federal habeas corpus relief does not lie for errors of state law"); *Peltier v. Wright*, 15 F. 3d 860, 861-2 (9th Cir. 1994) (generally federal habeas corpus relief unavailable for errors of state law). This claim is also not cognizable and will be denied.

### IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Mr. Seese has failed to make a substantial showing of a denial of a federal constitutional right. His claims are not cognizable in federal habeas. Accordingly, jurists would find no basis to encourage further proceedings. A certificate of appealability is denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Mr. Seese's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

2. The Clerk of Court is directed to attach a copy of the Sentence Review Division's decision entered in *State of Montana v. Stephen W. L. Seese*, Cause No. DC-16-231 (May 31, 2017), as an exhibit to this Order.

3. Mr. Seese's Petition (Doc. 1) is DENIED and DISMISSED.

4. The Clerk of Court is directed to enter judgment, by separate document, in favor of Respondents and against Petitioner.

5. A certificate of appealability is DENIED.

DATED this 8th day of July, 2022.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge